**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| **JOHN DEERE FINANCIAL, F.S.B.,**     ) | |
|        ) | |
|     **Plaintiff,**     ) | |
| **v.**     ) | **Civil Action No. 26-cv-** |
|        ) | |
| **STEVE NADEAU,**     ) | |
|        ) | |
|     **Defendant.**     ) | |

## COMPLAINT

For its Complaint against Defendant Steve Nadeau ("Nadeau"), Plaintiff John Deere Financial, f.s.b. ("Deere") states as follows:

## PARTIES

1.      Plaintiff John Deere Financial, f.s.b. is a corporation with its principal place of business in Illinois and incorporated under the laws of Delaware. Therefore, it is a citizen of Illinois for diversity purposes.

2.      Defendant Steve Nadeau resides and can be served with process at 305 Fuller Road, Easton, Maine, 04740. Therefore, Nadeau is a citizen of Maine for diversity purposes.

## JURISDICTION & VENUE

3.      This Court has jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amounts owed under the contracts exceeds $75,000.00.

4.      Venue is proper under 28 U.S.C. § 1392 because Nadeau resides in this judicial district and a substantial part of the events or omissions occurred in this district.

## FACTS COMMON TO ALL COUNTS

5.      Nadeau conducted business in Aroostook County, Maine as Northeast Tree Harvesting.

6. To conduct his business operations, he purchased certain equipment with financing from Deere through 2 separate written agreements.

7. Nadeau has defaulted on his contractual obligations by failing and/or refusing to make the required payments.

8. All conditions precedent to brining this action are satisfied.

9. Deere has suffered damages including compensatory damages, contractual interest, contractual attorneys' fees, repossession fees, costs to recover and dispose of the Collateral, and equipment depreciation.

## <u>COUNT ONE</u>
### Breach of Contract — Account No. 0085

10. On September 19, 2014, Nadeau applied and was approved for an open line of credit pursuant to Deere's Multi-Use Account Credit Agreement (the "0085 Credit Agreement") to finance the purchase of equipment used in Northeast Tree Harvesting's business operations. A true and correct copy of the account documents for the 0085 Credit Agreement are attached hereto as Exhibit 1.

11. Nadeau did utilize said credit or allow it to be used in the purchase of commercial goods and services and thereby agreed to the terms and conditions of said 0085 Credit Agreement at the time it was issued to Nadeau.

12. As a result of the use of said credit by Nadeau, the Nadeau did accrue certain indebtedness on said revolving credit charge account pursuant to the 0085 Credit Agreement.

13. Deere fully performed under the terms of the 0085 Credit Agreement.

14. Nadeau defaulted in the performance of the obligations under the terms of the 0085 Credit Agreement by failing to make payments when due and is in default. Deere has made demand

for payment on the amounts due. A true and correct copy of the demands are attached hereto and are incorporated herein as Exhibit 1.

15.    As a direct and proximate result of Nadeau's breach, Deere was damaged in the amount claimed of $13,609.33.

16.    Interest in the amount of $972.32 is due and owing through August 5, 2025, plus interest at the contract or legal rate of 11.90% from that date forward through the date of Judgment continuing to accrue at 11.90% per annum from the date of Judgment until paid.

WHEREFORE, John Deere Financial, f.s.b. demands judgment against Steve Nadaeu for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Financial, f.s.b. for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT TWO
### Breach of Contract — Account No. 0615

17.    On December 31, 2014, Nadeau applied and was approved for an open line of credit pursuant to Deere's Powerplan Credit Agreement (the "0615 Credit Agreement") to finance the purchase of equipment used in Northeast Tree Harvesting's business operations. A true and correct copy of the account documents for the 0615 Credit Agreement are attached hereto as Exhibit 2

18.    Nadeau did utilize said credit or allow it to be used in the purchase of commercial goods and services and thereby agreed to the terms and conditions of said 0615 Credit Agreement at the time it was issued to Nadeau.

19.    Deere fully performed under the terms of the 0615 Credit Agreement.

3

20.    Nadeau defaulted in the performance of the obligations under the terms of the 0615 Credit Agreement by failing to make payments when due and is in default. Deere has made demand for payment on the amounts due. A true and correct copy of the demands are attached hereto and are incorporated herein as Exhibit 2.

21.    As a direct and proximate result of Nadeau's breach, Deere was damaged in the amount claimed of $52,163.16.

22.    Interest in the amount of $6,215.63 is due and owing through August 5, 2025, plus interest at the contract or legal rate of 11.90% from that date forward through the date of Judgment continuing to accrue at 11.90% per annum from the date of Judgment until paid

WHEREFORE, John Deere Financial, f.s.b. demands judgment against Steve Nadaeu for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Financial, f.s.b. for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

Respectfully submitted,

/s/ Marisa K. Roman

Marisa K. Roman, ME Bar No. 011185
McGlinchey Stafford, PLLC
One Beacon Street, Suite 16100
Boston, MA 02108
(857) 453-7156
mroman@mcglinchey.com
Attorney For John Deere Financial, f.s.b.

Date: January 5, 2026

4